IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Civil Case No. 1:21-cv-154 |
| v. | : : |
| WASHING SYSTEMS, LLC, | : : |
| Defendant. | : : |

## COMPLAINT

Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Washing Systems, LLC ("WSI") from violating provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("Act"), and for a judgment against WSI in the total amount of back-wage compensation found by the Court to be due to any former or current WSI employees pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

WSI is, and at all times hereinafter referenced was, incorporated in Ohio as a corporation with a principal place of business at 167 Commerce Drive, Loveland, Ohio 45140, which is within the venue and jurisdiction of this Court. WSI provides chemicals and systems for industrial washing facilities.

### III.

At all times hereinafter mentioned, WSI has been an enterprise within the meaning of Section 3(r) of the Act, in that WSI has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constitute (and/or are related to) providing chemicals and systems for industrial washing facilities in furtherance of the business purposes of WSI's unified business entity.

### IV.

At all times relevant herein, WSI has employed, and is employing, employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, such as chemicals, and processing credit card payments. Further at all times relevant herein, WSI had annual gross volume sales made or business done of at least $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

### V.

(a)     During the period from January 26, 2018, through January 25, 2020 ("Investigative Period") and continuing through the present, WSI employed the individuals in the attached Exhibit 1.

(b)     WSI violated Sections 7 and 15(a)(2) of the Act by employing the individuals in Exhibit 1 in an enterprise engaged in commerce or in the production of goods for commerce and by compensating these employees at rates less than the applicable statutory premium overtime wage rate required by Section 7 of the Act.  WSI is therefore liable for unpaid overtime wages and an equal amount of liquidated

damages under Section 16(c) of the Act. For example, during the Investigative Period, WSI failed to pay employees in the role of technical consultants one and a half times their regular hourly rates for hours they worked in excess of forty in a workweek, in violation of Section 7 of the Act. WSI owes the employees listed in Exhibit 1 premium overtime wages for the hours they worked in excess of forty in a workweek.

(c) WSI violated Sections 11(c) and 15(a)(5) of the Act in that WSI failed to make, keep, and preserve adequate and accurate records as required by 29 C.F.R. Part 516. For example, WSI failed to make, keep, and preserve adequate and accurate records of the total hours worked by the technical consultants each day.

(d) As a result of the violations alleged above, WSI owes back wages to its employees named in Exhibit 1 and whom WSI paid at rates less than the applicable statutory premium overtime wage rate required by Section 7 of the Act. WSI might owe additional amounts to other employees during the time period covered by this Complaint (and continuing up to the time WSI demonstrates it is complying with the Act) whose identities are not now known to the Secretary.

(e) During the Investigative Period, WSI violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations described herein is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against WSI providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining WSI, its officers, agents, servants, employees, and those persons in active concert or participation with WSI who receive actual notice of any such

judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(b) For judgment pursuant to Section 16(c) of the Act finding WSI liable for unpaid overtime wages owing to WSI's current and former employees listed in Exhibit 1 for the Investigative Period and for an equal amount in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former WSI employees listed in Exhibit 1 for violations continuing after the Investigative Period and may be owed to current and former WSI employees presently unknown to the Secretary for the period covered by this Complaint who may be identified during this litigation and added to Exhibit 1; or

(c) If liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining WSI, its officers, agents, employees, and those persons in active concert or participation with WSI, from withholding the amount of unpaid overtime wages found due WSI's employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, the Secretary prays that this Court award costs in his favor and for an order granting such other and further relief as may be necessary and appropriate.

OF COUNSEL:

ELENA S. GOLDSTEIN
Deputy Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

LEAH A. WILLIAMS
Associate Regional Solicitor

_____
HEMA STEELE (0081456)
Senior Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3876; Fax (216) 522-7172
*Steele.Hema@dol.gov*