**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

WASHING SYSTEMS, LLC,

Defendant.

Case No. 1:21-CV-154

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on the cross-motions for summary judgment filed by Plaintiff the United States Department of Labor ("DOL"), (Doc. 58), and Defendant Washing Systems, LLC ("WSI"), (Doc. 59). For the following reasons, DOL's motion for summary judgment will be granted in part and WSI's motion for summary judgment will be denied.

## I. BACKGROUND

WSI sells chemicals and related products used in commercial and industrial laundry operations, as well as chemical-dispensing systems and services connected to the use of those systems. WSI operates across the United States and its customers include laundries, uniform and linen suppliers, hotels, resorts, and healthcare facilities. (Doc. 48, PageID 680-81, 688-89.)

In the course of its business, WSI employs technical consultants who are assigned customer accounts and specific geographic territories. The consultants

ordinarily work away from the company's main office in Loveland, Ohio, and make recurring visits to customer plants. During those visits, consultants take inventory, generate or recommend product orders, complete service reports, inspect and calibrate dispensing systems, test wash chemistry, troubleshoot problems, and maintain customer relationships. (Doc. 52, PageID 1903-05, 1973-81, 1997-2005). Consultants may also assist with installations, respond to urgent customer issues, and contact prospective customers. (*Id.*, PageID 1950-56, 2020-22, 2039-43, 2064-69). WSI pays these consultants salaries and various bonuses, commissions, or incentives, but does not pay overtime premium. (Doc. 48, PageID 871-73; Doc. 49, PageID 1094-96, 1135).

The parties disagree about the character and relative importance of that work. WSI's evidence describes each consultant as being responsible for a territory's sales. According to WSI, consultants obtain orders, receive sales credit, develop new business, protect existing business, make product and process recommendations, and perform any equipment-related work only rarely or as an incident of their own sales. (*See, e.g.*, Doc. 59, PageID 11076-197; Doc. 67, PageID 11373-77).

DOL's evidence, on the other hand, describes a field-service position. According to DOL, consultants regularly inspect, clean, repair, replace, program, and calibrate equipment; respond to service calls; and replenish chemicals according to historical usage. (Doc. 52, PageID 1903-05, 1973-81, 1997-2005, 2039-43). DOL also points to evidence that WSI management or specialized sales personnel negotiated large chain agreements, and that technical consultants had no role in those agreements. (Doc.

47, PageID 600-29; Doc. 48, PageID 714, 736, 759; Doc. 51, PageID 1552-54, 1576). WSI disputes the frequency of manual work, the reliability and meaning of the Weekly Activity Reports ("WARs"), and DOL's characterization of the company's sales processes.

DOL brought this action alleging that WSI violated the Fair Labor Standards Act's ("FLSA") overtime and recordkeeping provisions by classifying technical consultants as exempt, paying no overtime premium, and failing to keep adequate records of hours worked. DOL seeks back wages and liquidated damages for the period beginning March 5, 2019, additional relief for alleged violations after June 22, 2024, and an injunction against future violations. (Doc. 1; Doc. 58, PageID 10978-79).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a fact is "material" only when its resolution affects the outcome of an action, and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

If the moving party has satisfied its initial burden of showing the absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations in the pleadings, but must instead put forth specific facts showing that

there is a genuine issue for trial. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This standard of review remains the same for reviewing cross-motions for summary judgment. *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 441-42 (6th Cir. 2021); *see Harris v. City of Saginaw*, 62 F.4th 1028, 1032-33 (6th Cir. 2023) ("In review of the *defendant's* motion, we accept the *plaintiff's* view of the facts as true and draw all reasonable inferences in favor of the *plaintiff*;" whereas "in review of the *plaintiff's* motion, we accept the *defendant's* view of the facts as true and draw all reasonable inferences in favor of the *defendant*.").

## III. ANALYSIS

### a. Undisputed Threshold Matters

WSI does not dispute at this juncture that it is an employer and a covered enterprise under the FLSA, or that the technical consultants at issue are its employees. The record independently establishes that WSI's annual sales exceeded $500,000 during the relevant period and that its employees handled chemicals and equipment that had moved in the stream of interstate commerce. (Doc. 48, PageID 690-91, 771-73; Doc. 52, PageID 2020-22). The consultants entered employment agreements with WSI, which hired, paid, assigned, and supervised them. (Doc. 48, PageID 1048-55). *See* 29 U.S.C. § 203(d), (e)(1), (r), (s)(1)(A). Therefore, the Court treats as established that (1) WSI was an employer and covered enterprise under the FLSA during the relevant period, and (2) the technical consultants identified in this action were WSI employees. *See* Fed. R. Civ. P. 56(g)

**b. Outside-Sales Exemption**

In relevant part, the FLSA exempts an employee "employed . . . in the capacity of outside salesman." 29 U.S.C. § 213(a)(1). The implementing regulation requires that the employee's primary duty be making sales within the definition of 29 U.S.C. § 203(k) or obtaining orders or contracts for services, and that the employee customarily and regularly perform that duty away from the employer's place of business. 29 C.F.R. § 541.500(a). Work performed incidental to and in conjunction with an employee's own outside sales may qualify as exempt work, but promotional work incidental to sales made by someone else does not. 29 C.F.R. §§ 541.500(b), 541.503(a).

The phrase "primary duty" means the employee's "principal, main, major or most important duty." 29 C.F.R. § 541.700(a). That determination rests on the job as a whole and takes into account, among other things, the relative importance of exempt and nonexempt duties, time spent performing exempt work, freedom from direct supervision, and the relationship between the employee's pay and the wages paid to other employees for similar nonexempt work. *Id.*, § 541.700(a)-(b). Time is a useful gauge, but is not the sole test. *Id.*, § 541.700(b).

WSI bears the burden of proving an exemption by a preponderance of the evidence. *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47-48, 54 (2025). FLSA exemptions receive a fair reading, rather than a narrow construction. *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 89 (2018). On DOL's motion, however, WSI need only identify evidence from which a reasonable factfinder could find the

exemption proved. Critically, the Court may not weigh competing evidence or assess credibility at this juncture.

The parties agree that the consultants customarily and regularly work away from WSI's place of business. The issue is whether making sales constitutes their primary duty. On that question, *Killion v. KeHE Distributors, LLC*, 761 F.3d 574 (6th Cir. 2014), is particularly instructive. There, representatives serviced stores, monitored inventory, transmitted replenishment orders, and solicited business. The Sixth Circuit reversed summary judgment for the employer because a jury could have concluded that the employees managed inventory (rather than made sales) and that their promotional work supported sales made by account managers. *Id.* at 584-88. As the court explained, merely "hit[ting] the order buttons" did not transform inventory management into sales.[1] *Id.* at 584.

The record before the Court presents materially similar factual questions. A factfinder could credit WSI's declarations and conclude that the consultants obtained each account's orders, received credit for those sales, used their technical expertise to retain and expand business, and performed any manual tasks only incidentally. Under that view, sales could be the consultants' primary duty.

Similarly, a factfinder could instead credit DOL's evidence that recurring visits were dominated by inspection, testing, calibration, troubleshooting, cleaning, repair,

[1] Although *Killion* quoted the former "plain and unmistakable evidence" formulation, 761 F.3d at 588, its factual analysis remains instructive under the fair-reading and preponderance standards later confirmed in *Encino Motorcars* and *E.M.D. Sales*. *See also Hurt v. Commerce Energy, Inc.*, 973 F.3d 509, 518-23 (6th Cir. 2020) (examining whether workers obtained a commitment to buy and the external indicia of a sales role).

programming, and formula-based replenishment under agreements negotiated by others. Contemporaneous service materials and WAR entries describe such work; management testimony acknowledges the task structure; and the chain-contract evidence permits an inference that at least some orders implemented corporate-level sales. Under that view, the consultants may have performed service or inventory management, not sales.

In light of these genuine disputes of fact and competing evidence, resolving the motions would require the Court to determine how often manual work occurred, how representative competing declarations and WAR entries are, who made the operative sales, and whether customer-support work furthered each consultant's own sales. And because Rule 56 does not permit those credibility and weight determinations, neither party is entitled to summary judgment on the outside-sales exemption.

**c. Administrative, Combination, and HCE Exemptions**

DOL argues that WSI waived alternative exemptions by failing to plead them specifically. (Doc. 66, PageID 11257). But the Court is not inclined to take such a restrictive view. WSI's answer identified exemption defenses in more inclusive terms than DOL would like to believe. Moreover, WSI's October 2021 interrogatory response asserted that the consultants performed work directly related to customers' general business operations and exercised discretion and independent judgment on matters of significance. (Doc. 71, PageID 11453-54). WSI's Rule 30(b)(6) designee later testified about the administrative and highly compensated employee ("HCE") exemptions. DOL briefed all three theories on the merits and identifies no concrete

prejudice from the asserted pleading deficiency. Under the circumstances, the defenses are not waived. *See Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018).

The administrative exemption requires, among other things, a primary duty of office or nonmanual work directly related to management or general business operations and the exercise of discretion and independent judgment on matters of significance. 29 C.F.R. § 541.200(a). The inquiry focuses on an employee's actual day-to-day work. *Perry v. Randstad Gen. Partner (US) LLC*, 876 F.3d 191, 201 (6th Cir. 2017). The parties dispute whether the consultants' primary duty was nonmanual consulting or regular manual service, whether recommendations concerned customers' general business operations or WSI's production and sale of its own products and services, and whether consultants chose among significant courses of action or applied prescribed techniques and standards. These disputes prevent judgment for WSI under the administrative exemption.

The combination exemption permits an employee to qualify based on a combination of otherwise exempt duties. 29 C.F.R. § 541.708. But the Court cannot determine the relevant combination until a factfinder decides which sales and administrative activities were exempt and whether they collectively formed the employee's primary duty. Summary judgment is therefore unavailable on this theory, as well.

The HCE exemption requires a primary duty that includes office or nonmanual work and the customary and regular performance of at least one exempt executive, administrative, or professional duty. 29 C.F.R. § 541.601(a), (d). WSI identifies several consultants whose compensation it claims exceeded the applicable threshold. But even assuming the threshold is satisfied, the genuine disputes over manual work and exempt administrative duties preclude summary judgment under § 541.601.

**d. Overtime, Recordkeeping, and Remedies**

The parties' requests for judgment on overtime and recordkeeping liability depend principally on whether the consultants were exempt and, if not, what hours they worked. Because exemption status remains disputed, neither party is entitled to summary judgment on those claims.

DOL's proposed back-wage award also cannot be entered at this stage. WSI disputes whether the WARs accurately record time worked, whether particular entries reflect compensable time, and whether DOL's compilation satisfies Federal Rule of Evidence 1006. Those issues need not be resolved before liability. The request for $1,023,710.57 in back wages, an equal amount of liquidated damages, additional post-June 2024 relief, and production of later-period records is denied without prejudice.

Liquidated damages would ordinarily equal unpaid overtime unless WSI can prove that it acted in good faith and had reasonable grounds for believing its conduct complied with the FLSA. 29 U.S.C. §§ 216(b), 260. That is a "substantial" burden requiring affirmative steps to ascertain the Act's requirements. *Sec'y of Labor v.*

*Timberline South, LLC*, 925 F.3d 838, 856-57 (6th Cir. 2019). WSI relies on an internal review and management analysis; DOL disputes the review's scope and reasonableness. But because liability and the relevant facts remain unresolved, the Court denies judgment for either party on liquidated damages.[2]

**e. Evidentiary Objections**

WSI objects to DOL's reliance on redacted employee interview statements and redacted declarations, arguing hearsay and asserting that the government informer's privilege cannot be used to withhold a declarant's identity when the declaration is offered as substantive evidence. DOL invokes Federal Rule of Evidence 801(d)(2)(D) and the informer's privilege. WSI also objects to the WARs and to DOL's damages summary.

The Court does not resolve those objections here. DOL's motion fails in light of WSI's admissible declarations and other record evidence; WSI's motion fails in light of the chain agreements, WSI's own testimony and service materials, and contemporaneous work descriptions, without relying on the redacted interview statements or declarations. The ultimate admissibility of these materials, the timing of any informer disclosure, and the foundation and permissible use of the WARs and any Rule 1006 summary remain to be adjudicated.

[2] DOL's request for an injunction is likewise premature. Whether an injunction is appropriate depends on an established violation and the likelihood of future noncompliance. The Court cannot make those findings on the present disputed record.

## IV. CONCLUSION

Accordingly, DOL's motion for summary judgment, (Doc. 58), is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to Federal Rule of Civil Procedure 56(g), it is now established that (1) WSI was an employer and covered enterprise under the FLSA during the relevant period of time; and (2) the technical consultants identified in this action were employees of WSI. DOL's motion is **DENIED** in all other respects, and WSI's motion for summary judgment, (Doc. 59), is **DENIED** in full. All other claims, defenses, remedies, and evidentiary issues remain for further proceedings.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge